UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TIMOTHY YOUNG JR.,

                   Petitioner,                 Case No. 1:21-cv-662

v.                                            Hon. Hala Y. Jarbou

MATTHEW T. MACCAULEY,

                   Respondent.
_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

**Discussion**

I.     **Factual allegations**

Petitioner Timothy Young Jr. is incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan.  On February 23, 2017, following a three-day jury trial in the Berrien County Circuit Court, Petitioner was convicted of two counts of assault with intent to do great bodily harm (AWIGBH) and two counts of possession of a firearm during the commission of a felony (felony-firearm).  On March 30, 2017, the court sentenced Petitioner as a second habitual offender, Mich. Comp. Laws § 769.10, to concurrent terms of 10 to 15 years' imprisonment for the AWIGBH convictions, to be served consecutively to concurrent terms of 2 years' imprisonment for the felony-firearm convictions.   The ten-year minimum sentences for AWIGBH were upward departures from the minimum sentence range provided by the Michigan sentencing guidelines:  29 to 71 months.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals, raising several issues.  By opinion issued October 16, 2018, the court of appeals affirmed the trial court with respect to all of Petitioner's challenges except one.  *People v. Young*, No. 338613 (Mich. Ct. App. Oct. 16, 2018) (available at http://publicdocs.courts.mi.gov/opinions/final/coa/20181016_c338613_49_338613.opn.pdf ).  The court of appeals agreed with Petitioner that the trial court did not appropriately justify the upward departure from the sentencing guidelines minimum range such that the resulting sentence was disproportionate.  *Id*. at 5–7.  The court of appeals remanded to the trial court for resentencing.

2

Petitioner then filed a *pro per* application for leave to appeal to the Michigan Supreme Court.  That court denied leave by order entered April 2, 2019.

On remand, the trial court resentenced Petitioner.  The sentences remained the same in all respects, except that the minimum sentences for the AWIGBH convictions were reduced from 10 years to 71 months, the maximum minimum sentence under the Michigan sentencing guidelines.  Petitioner appealed his convictions and sentences again to the Michigan Court of Appeals, raising issues in the brief he filed with the assistance of counsel and in a *pro per* supplemental brief.  By opinion issued September 17, 2020, the court of appeals denied relief.  *People v. Young*, No. 349999 (Mich. Ct. App. Sept. 17, 2020) (available at http://publicdocs.courts. mi.gov/opinions/final/coa/20200917_c349999_35_349999.opn.pdf).    The court addressed Petitioner's issues relating to the remand on the merits; but the court refused to consider issues that were outside the scope of the remand.

Petitioner sought leave to appeal the court of appeals' decision.  The Michigan Supreme Court denied Petitioner's application for leave by order entered March 2, 2021.

Petitioner then filed his habeas corpus petition.   Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner placed his petition in the prison mailing system on July 28, 2021.  (Pet., ECF No. 1, PageID.17.)  The petition raises four grounds for relief, as follows:

I.    The prosecutor fail[ed] to give notice to Mr. Young or his attorney, written notice of his intent to enhance Mr. Young['s] sentence within 21 day[s] as stated in MCLS Sec. 769.13.  The prosecutor [did not] give notice until Mr. Young['s] day of sentencing.

3

II.     The information indicates that the habitual offender status was premised on a (1984) conviction for attempt[ed] resisting and obstructing arising under (MCL 750.479)[;] however, in the version of the statute under which that conviction arose, resisting and obstructing was a misdemeanor (not a felony).

III.    EX POST FACTO law.  1984 misdemeanor was made out of assault with intent to do great bod[il]y harm less than murder.  [The prosecutor] charge[d] me [with] second habitual offense with no felony without the (MCL 777.50).

IV.     [T]here should be some explanation why a judge chooses to impose the highest guideline sentence available.  In sentencing Mr. Young at the very top of the guidelines, [the] trial judge never explain[ed] that.

(Pet., ECF No.1, PageID.7–13.)

## II.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Petitioner indicates that he has not exhausted any of his habeas corpus issues in the state courts.  (Pet., ECF No. 1, PageID.7–14.)  Based on the court of appeals' opinions, however, that does not appear to be accurate.  Both opinions consider and resolve Petitioner's habeas ground II, regarding the first conviction upon which Petitioner's habitual offender status was based.  Additionally, it is possible that Petitioner raised habeas ground IV in his second appeal. The appellate courts' determination that the 71-month AWIGBH minimum sentence was presumptively valid at least implicitly addresses and rejects that claim.  Nonetheless, on the face of the petition, that ground is not exhausted, and there is nothing in the petition or the publicly available record to contradict Petitioner's averments that he has failed to exhaust habeas grounds I or III.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.*  Under Michigan law, one such motion may be filed after August 1, 1995.  Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that he has at least one available state remedy.  To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Berrien County Circuit Court.  If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court.  *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as

5

to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has at least one claim that is exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on March 2, 2021**.**  Petitioner did not petition for certiorari to the United

States Supreme Court, (Pet., ECF No. 1, PageID.3), though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 31, 2021. Accordingly, absent tolling, Petitioner would have one year, until May 31, 2022**,** in which to file his habeas petition. Petitioner filed the instant petition on July 28, 2021,  ten months before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.  § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute

of limitations.  Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies.  Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

The Court notes that the requirement to exhaust is not absolute.  A court may grant habeas relief despite lack of exhaustion where: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  Petitioner's earliest release date is August 10, 2024.  *See* MDOC Offender Tracking Information System,  https://mdocweb.state.mi.us/otis2/otis2profile. aspx?mdocNumber=356874 (visited August 10, 2021).  It is entirely possible that Petitioner might be eligible for release on parole before he completes the exhaustion of his state court remedies, files his new petition in this Court, the Respondent answers the petition, and the Court is able to resolve it.  That fact does not warrant forgiving the exhaustion requirement in this case.  Some delay is inherent in permitting state courts the first opportunity to address and resolve claims of constitutional infirmity.  The Sixth Circuit has noted that "*[i]nordinate* delay in adjudicating state court claims" might warrant forgiving a failure to exhaust state court remedies.  *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (emphasis added).[1]  Ordinary delay does not warrant relief. Petitioner does not provide any facts that would permit the inference that any delay he faces is "inordinate."  Therefore, he must satisfy the exhaustion requirement, and he has not.

---

[1] *See also Kyte v. Warden, Hamilton Cnty. Justice Center*, No. 1:19-cv-809, 2020 WL 3960467, at *1 n.2 (S.D. Ohio, July 13, 2020) ("This Court has rejected the proposition that ordinary delay in reaching cases for decision on direct appeal renders the direct appeal remedy futile, finding [t]he logical result of such a proposal would be to render the exhaustion rule meaningless, at least in cases with relatively short sentences.") (internal quotes omitted); *Gonzalez-Aguilera v. Franke*, No. 2:12-cv-01438-BR, 2013 WL 2149620, at *3 (D. Or. May 14, 2013) ("[A]s this Court has repeatedly held, the fact that a petitioner may be serving a relatively short sentence does not constitute an extraordinary circumstance justifying federal intervention. . . . To hold otherwise would permit every state prisoner with a short sentence to bypass state remedies, a result which would be directly contrary to the strong presumption in favor of exhaustion.") (internal quotes and citations omitted).

### III.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

I have concluded that Petitioner's application is properly denied for lack of exhaustion.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion.  Therefore, a certificate of appealability will be denied.  Moreover, for the same reasons I conclude that Petitioner failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, I also conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.


Dated:    August 16, 2021                    /s/ Hala Y. Jarbou
                                             HALA Y. JARBOU
                                             UNITED STATES DISTRICT JUDGE